624 May 15, 2024 No. 326

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MYRON RICHARD ALLEN MOORE,
*Defendant-Appellant.*

Tillamook County Circuit Court
20CR65915; A179212

Jonathan R. Hill, Judge.

Submitted April 12, 2024.

Andy Simrin and Andy Simrin PC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a conviction for one count of first-degree sodomy. In a single assignment of error, he contends that the trial court erred by excluding testimony from a defense expert because it was relevant as nonscientific evidence. Because defendant argued that the evidence *was* scientific before the trial court, any error is unpreserved. We therefore affirm.

The state charged defendant with sodomy and sexual abuse based on an encounter where, after a night of drinking, J, a friend of defendant, awoke to defendant performing oral sex on her. After J told defendant to stop, which he did, J walked defendant out of the room and hugged him. At the trial, defendant sought to offer testimony from Robert Malaer, a certified forensic nurse specialist, that sexual abuse victims do not hug perpetrators after an assault. The state filed a motion *in limine* arguing that that testimony lacked scientific foundation under OEC 702. At the hearing on the motion *in limine*, defense counsel explained that the evidence possessed the necessary scientific foundation because Malaer's qualifications are based in "scientific areas," which involve examining "all the information pertaining to this alleged case" and "observing what aspects are consistent and are not consistent with his trained opinion." Defense counsel further argued that the behaviors of sexual assault victims "are usually * * * established through scientific training."

Following the hearing, defense counsel provided briefing addressing several cases in support of the proposition that Malaer was "an expert in sexual assault survivor behaviors." Defense counsel posited that because Malaer "conducted over 100 SANE evaluations and having been trained in recognizing the behavior of sexual assault survivors, [he] was able to conduct proper analysis of the complaining witness's account as relayed to law enforcement." The trial court ultimately excluded the testimony, reasoning that although Malaer qualified as an expert, his testimony lacked the necessary scientific foundation.

On appeal, defendant argues that the trial court should not have evaluated the scientific foundation of

Malaer's testimony—that J hugging defendant was not common conduct based on his assessment of other sexual assault victims' behavior—because it was relevant *nonscientific* evidence. That is nearly the exact opposite of what he argued below. Before the trial court, defense counsel never argued that Malaer's testimony regarding a victim's behavior was isolated from his scientific expertise or should be admitted on any other basis. On the contrary, defense counsel repeatedly confirmed that Malaer was proffering scientific testimony. The trial court understood that to be defense counsel's position, observing that, "the Defense agrees that Mr. Malaer's proposed testimony constitutes 'scientific evidence.'" Because he did not make the argument he presents on appeal to the trial court, it is unpreserved. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"); *State v. Stevens*, 328 Or 116, 123, 970 P2d 215 (1998) (holding that even though the defendant made a "general reference to the seven-factor test for admissibility of scientific evidence," his argument was unpreserved because he did not raise an issue "regarding the admissibility of [the expert's] testimony as scientific evidence"). Defendant does not seek review of the unpreserved error as plain, and we will ordinarily not undertake that analysis "unless an appellant has explicitly asked us to do so." *State v. McIntire*, 328 Or App 328, 335, 537 P3d 608 (2023), *rev den*, 327 Or 26 (2024) (internal quotation marks omitted).

Affirmed.